# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUSTIN JAMES EDMISTEN,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00952-RFB-NJK

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) and respondents' motion to dismiss (ECF No. 14). Petitioner has not responded to the motion to dismiss. The court finds that petitioner has not exhausted ground 1, and the court grants the motion to dismiss in part.

    Pursuant to a guilty plea agreement, petitioner was convicted in state district court of one count of robbery. Ex. 69 (ECF No. 16-25). Petitioner did not file a direct appeal. Petitioner filed a proper-person motion to withdraw his plea. Ex. 39 (ECF No. 15-39). The state district court denied the motion because a post-conviction challenge to a guilty plea must be raised in a post-conviction habeas corpus petition. Ex. 53 (ECF No. 16-9). Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 49 (ECF No. 16-5). The state district court denied the petition. Ex. 65 (ECF No. 16-21). Petitioner appealed, and the Nevada Court of Appeals affirmed. Ex. 79 (ECF No. 16-35). Petitioner then filed a motion to correct an illegal sentence in the state district court. Ex. 72 (ECF No.

/ / /

/ / /

/ / /

16-28).  The state district court denied the motion.  Petitioner appealed, and the Nevada Court of Appeals affirmed.  <u>Edmiston v. State</u>, 2015 WL 4715297 (Nev. App. Aug. 4, 2015).[1]

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (<u>per curiam</u>); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).

In ground 1, petitioner alleges that a prior state-court proceeding for the same offense was dismissed because of prosecutorial misconduct.  The prosecution then opened a new proceeding in state court.  Petitioner alleges that trial counsel provided ineffective assistance because trial counsel did not move to dismiss the second state-court proceeding.  The court agrees with respondents that petitioner has not presented this claim to the state courts.  In his proper-person motion to withdraw plea, petitioner presented the underlying issue that the second prosecution was improper, but he did not argue in that motion that counsel was ineffective for failing to file a motion to dismiss.  Ex. 39 (ECF No. 15-39).  Petitioner did not present in his state post-conviction habeas corpus petition the claim that he presents in ground 1.  Ex. 49 (ECF No. 16-5).  In his motion to correct an illegal sentence, petitioner alleges that if counsel had appealed the judgment of conviction, he could have raised the issue of the improper second prosecution.  Ex. 72 (ECF No. 16-28).  The issue presented in the illegal-sentence motion does not exhaust ground 1 for two reasons.  First, the operative facts are different.  In the state-court illegal-sentence motion, petitioner argued that counsel should have filed a direct appeal from the judgment of conviction.  In ground 1, petitioner argues that counsel should have filed a motion to dismiss before he pleaded guilty.  Second, petitioner was not using the correct procedure.  A motion to correct an illegal sentence is used only for claims that the sentence exceeded what the governing statute authorizes, that the court was without jurisdiction, or that the state district court based its sentence upon a mistaken, material assumption of the defendant's criminal record.  <u>Edwards v. State</u>, 918 P.2d 321, 323-25 (Nev. 1996).  The Nevada Court of Appeals held that petitioner's claim in the illegal-sentence motion was not

---

[1]Petitioner's name is spelled "Edmisten" or "Edmiston" in different documents.

within the narrow scope of an illegal-sentence motion. Edmiston v. State, 2015 WL 4715297 (Nev. App. Aug. 4, 2015). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)). For these reasons, ground 1 is not exhausted.

Respondents next argue that petitioner's guilty plea bars consideration of grounds 2 and 3. Ground 2 is a claim that trial counsel provided ineffective assistance because counsel did not investigate an alibi defense or potential witnesses. Ground 3 is a claim that trial counsel provided ineffective assistance because trial counsel did not move to suppress petitioner's confession.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The court will not address this argument now. Petitioner first needs to decide what to do with the unexhausted ground 1. If petitioner decides to dismiss ground 1 and proceed with grounds 2 and 3, then respondents may renew the argument in their answer.

The petition (ECF No. 4) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may a.) voluntarily dismiss the unexhausted ground 1 and proceed with the remaining grounds; b.) voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 1; or c.) move to stay this action while he returns to state court to exhaust ground 1. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an

alternative choice in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 14) is **GRANTED** in part with respect to ground 1.

IT IS FURTHER ORDERED that petitioner shall have forty-five (45) days from the date of entry of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes to dismiss ground 1 of his petition (ECF No. 4), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 4) to return to state court to exhaust his state remedies with respect to the claims set out in ground 1 of his petition (ECF No. 4), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in ground 1 of his petition (ECF No. 4).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that the Court for good cause now reconsiders its previous order (ECF No. 3) denying the appointment of counsel and ORDERS that counsel shall be appointed for petitioner.  **The Clerk of Court shall serve a copy of this Order on the Federal Public Defender's Office for Nevada within a week**.  Petitioner shall have (45) days from the date of entry of this order to file an amended petition or file a motion to file with a requested amount of time for the filing of the amended petition.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 4) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

**DATED**: <u>March 21, 2017</u>.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**