# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUSTIN JAMES EDMISTEN,

        Petitioner,

  v.

DWIGHT NEVEN, et al.,

        Respondents.

Case No. 2:15-cv-00952-RFB-NJK

**ORDER**

**I.    Introduction**

    Before the Court are the First Amended Petition for Writ of Habeas Corpus (ECF No. 41), Respondents' Motion to Dismiss (ECF No. 48), Petitioner's Opposition (ECF No. 57), and Respondents' Reply (ECF No. 60). The Court finds that Petitioner's plea of guilty has partially barred Ground 2 from review, and the Court finds that Petitioner has not exhausted his state-court remedies for the remaining arguments under Ground 2. The Court thus grants the Motion to Dismiss in part.

**II.    Procedural History**

    In Justice Court Case No. 13F08977X, Petitioner was charged by complaint with one count of burglary, two counts of robbery with the use of a deadly weapon, and one count of obstructing a police officer. This case concerned a robbery at a Walgreens drug store. P. Ex. 3 (ECF No. 42-3).

In Justice Court Case No. 13F09062X, Petitioner was charged by complaint with one count of robbery with the use of a deadly weapon. This case concerned the robbery of a tourist. P. Ex. 6 (ECF No. 42-6).

At the time of the preliminary hearing in the Walgreens case, the prosecution was not ready. The prosecution wanted to consolidate the Walgreens case with the tourist case, and the witness in the tourist case was out of state. The Justice Court denied the prosecution's request. P. Ex. 7 (ECF No. 42-7). The Justice Court also dismissed the Walgreens case. P. Ex. 8 (ECF No. 42-8).

At the time of the preliminary hearing in the tourist case, the prosecution moved to continue. The defense objected, arguing that this was a pretext to keep Petitioner in custody while the prosecution took both cases to the grand jury. The Justice Court denied Petitioner's request for release on his own recognizance but dismissed the tourist case. P. Ex. 4 (ECF No. 42-4).

The prosecution then took both cases to the Grand Jury. The Grand Jury returned an indictment for three counts of robbery with the use of a deadly weapon, one count of burglary while in possession of a firearm, and one count of resisting a public officer with the use of a firearm. R. Ex. 3 (ECF No. 15-3). An amended indictment maintained the first four counts and dropped the count of resisting a public officer with the use of a firearm. R. Ex. 7 (ECF No. 15-7).

Petitioner then agreed to plead guilty to one count of robbery, without any deadly-weapon enhancement. R. Ex. 21 (ECF No. 15-21). The trial court sentenced Petitioner to a minimum term of two years, a maximum term of five years, suspended the sentence, placed Petitioner on probation for a term not to exceed five years, and imposed other conditions. R. Ex. 29 (ECF No. 15-29). Petitioner did not appeal the judgment of conviction.

Petitioner filed a motion to withdraw his guilty plea. R. Ex. 39 (ECF No. 15-39). The state district court denied the motion under then-existing case law that the appropriate remedy was through a habeas corpus petition. R. Ex. 47 (ECF No. 16-3).

Petitioner then filed his first post-conviction habeas corpus petition and supporting affidavit in the state district court. R. Ex. 49 (ECF No. 16-5). The state district court denied the

petition. R. Ex. 65 (ECF No. 16-21). Petitioner appealed, and the Nevada Court of Appeals affirmed. R. Ex. 79 (ECF No. 16-35).

While the appeal from the denial of the first state habeas corpus petition was pending, Petitioner filed a motion to correct an illegal sentence in the state district court. R. Ex. 72 (ECF No. 16-28). The state district court construed the motion as a second state habeas corpus petition, because Petitioner's claims fell outside the limited scope of a motion to correct an illegal sentence. R. Ex. 84 (ECF No. 16-40). The state district court then dismissed the second state petition as successive in violation of Nev. Rev. Stat. § 34.810. Id. Petitioner appealed, and the Nevada Court of Appeals affirmed. Ex. 89 (ECF No. 27-1).

While the post-conviction proceedings were pending, the state district court entered two amended judgments of conviction. The first amended judgment of conviction noted that Petitioner had violated his probation and set forth new conditions of probation. R. Ex. 64 (ECF No. 16-20). The second amended judgment of conviction revoked Petitioner's probation and imposed a prison sentence with a minimum term of two years and a maximum term of five years. R. Ex. 69 (ECF No. 16-25).

### III. Review of Claims that Arose Before Entry of the Plea

#### A. Legal Standard

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

#### B. Tollett Does Not Bar Review of Ground 1

Respondents initially argued that Tollett barred review of Ground 1. Ground 1 contains three claims of ineffective assistance of counsel: first, that trial counsel was ineffective for failing to challenge the state's subsequent indictment after the case was dismissed at the preliminary

3

hearing; second, that trial counsel was ineffective for failing to challenge the victims' identifications of Edmisten, as presented to the Grand Jury; and third, that trial counsel was ineffective for failing to move to suppress Edmisten's confession to police. In the reply, Respondents acknowledge that the court in Mahrt v. Beard, 849 F.3d 1164, 1170 (9th Cir. 2017) considered this issue and determined that Tollett does not bar review of such claims. ECF No. 60, at 4. Respondents now wish to preserve the issue for possible future review. Therefore, the Court declines to dismiss Ground 1 under Tollett.

**C. Tollett Does Partially Bar Review of Ground 2**

In Ground 2, Petitioner alleges that the prosecution violated the constitutional guarantees of a speedy trial and due process of law because the prosecution indicted Petitioner after the Justice Court dismissed the charges at the preliminary hearings.

Respondents assert that Tollett bars review of Ground 2 under Ortberg v. Moody, in which the Ninth Circuit identified a speedy trial violation as an "antecedent constitutional infirmity" warranting dismissal under Tollett. 961 F.2d 135, 136-38 (9th Cir. 1992). The Court agrees therefore that Petitioner's plea of guilty bars review of the speedy trial component of Ground 2. The Court will therefore dismiss this claim under Ground 2.

As for the due process claim under Ground 2, The Court agrees with Petitioner that he is challenging a jurisdictional defect, i.e., whether he could have been charged at all by indictment after dismissal of the cases at the preliminary hearings. Such a challenge is an exception to Tollett. Blackledge v. Perry, 417 U.S. 21, 30-31 (1974). Therefore, the Court finds that this claim under Ground 2 is not barred.

**IV. Exhaustion of State-Court Remedies**

**A. Legal Standard**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the

ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

**B.     Ground 1(A) is Exhausted**

As stated *supra*, in Ground 1(A), Petitioner claims that trial counsel provided ineffective assistance because trial counsel did not challenge the validity of Petitioner's subsequent indictment after the Justice Court dismissed the criminal complaints against Petitioner.

Respondents argue that Petitioner never presented to the state court a claim that counsel failed to challenge the indictment. Yet in Petitioner's first state habeas corpus petition, Petitioner alleged that trial counsel never informed him that the prosecution had a "conscious indifference to procedural rules" that violated his constitutional rights and barred a new proceeding for the same offense, whether by complaint, indictment, or information. Ex. 49, at 9 (ECF No. 16-5, at 10).[1] The Court sees little difference between a claim that counsel failed to challenge the indictment, as Petitioner alleges now, and a claim that counsel failed to inform Petitioner that counsel could challenge the indictment, as Petitioner alleged then. Ground 1(A) is exhausted.

**C.     The Remaining Claim Under Ground 2 is Not Exhausted**

After dismissing the speedy trial claim under Ground 2, what remains is a claim that the prosecution's proceeding on an indictment after the Justice Court dismissed the criminal complaints for the same charges was a violation of the constitutional guarantee of due process. Respondents correctly note that Petitioner never has presented such a claim to the state courts. Petitioner argues that the due process claim was embedded in the claim that trial counsel provided ineffective assistance by not informing Petitioner of the prosecution's "conscious indifference to procedural rules." See Ex. 49, at 9 (ECF No. 16-5, at 10). However, a claim of ineffective assistance of counsel is distinct from the underlying claim, and it does not exhaust the underlying

---

[1] The page on the state petition form indicates that it is Ground 2. However, over all five pages of grounds in the state petition, Petitioner continues sentences from one page to the next. At the start of the page titled Ground 2, Petitioner continues his allegations from the page titled Ground 1 that trial counsel failed to ensure that Petitioner's guilty plea was knowing and voluntary. Similarly, at the end of the page titled Ground 2, Petitioner starts to allege that counsel failed to file a pre-trial habeas corpus petition that challenged the procedures used to identify him. Consequently, even though the state-court equivalent of federal Ground 1(A) is on a page titled Ground 2, The Court cannot call it state Ground 2 without causing confusion.

5

claim. Rose v. Palmateer, 395 F.3d 1108, 1112-13 (9th Cir. 2005) (citing Kimmelman v. Morrison, 477 U.S. 365, 382 (1986)). Consequently, the remaining due process claim under Ground 2 is not exhausted.

Therefore, the First Amended Petition (ECF No. 41) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is therefore subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

**D.     The Court Will Not Anticipatorily Default the Remaining Claim Under Ground 2**

Petitioner argues that Ground 2, though not presented to the state courts, would be procedurally barred as untimely under Nev. Rev. Stat. § 34.726 and successive under Nev. Rev. Stat. § 34.810 if Petitioner tried to litigate the claim now in state court. Petitioner thus asks the Court to apply an anticipatory procedural default. Petitioner argues that he has good cause to excuse the procedural default under Martinez v. Ryan, 566 U.S. 1, 14 (2012). Martinez held that the ineffective assistance of counsel, or the absence of counsel, in the initial post-conviction proceedings, can be good cause to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. Id. at 14. However, Ground 2 is not a claim of ineffective assistance of trial counsel. Rather, Ground 2 asserts that the prosecution could not charge Petitioner by indictment after the Justice Court dismissed the criminal complaints on the same charges. Martinez therefore does not apply to Ground 2.

State courts may excuse the procedural bars for untimeliness and successiveness if Petitioner can demonstrate cause and prejudice. Nev. Rev. Stat. §§ 34.726(1), 34.810(3). With the exception of Martinez v. Ryan, which is not applicable in this case, the state and federal standards for cause and prejudice are functionally identical. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

Petitioner has already had a second state habeas corpus petition dismissed as procedurally barred. If Petitioner had filed a second state habeas corpus petition on the state's form, and if he had tried to demonstrate cause and prejudice on that form, and if the state courts had rejected his

6

arguments for cause and prejudice to hold that the second state petition was procedurally barred, then this Court would likely have concluded that Petitioner has no reasonable state-court remedy remaining. However, what Petitioner filed was a motion to correct an illegal sentence. Ex. 72 (ECF No. 16-28). Petitioner did not try to demonstrate cause and prejudice, because the procedural bars do not apply to a motion to correct an illegal sentence with a claim that falls within the narrow scope of such a motion. Edwards v. State, 918 P.2d 321, 324 (Nev. 1996). The state district court construed the motion as a successive habeas corpus petition because Petitioner's claims fell outside the narrow scope of a motion to correct an illegal sentence. Ex. 84 (ECF No. 16-40). The state district court then dismissed the petition as successive because Petitioner made no demonstration of cause and prejudice. Id. The Nevada Court of Appeals held that Petitioner failed to demonstrate cause and prejudice. Ex. 89, at 2.

Two factors thus weigh against this court applying an anticipatory procedural default. First, Petitioner has not tried to demonstrate cause and prejudice in the state courts. Second, because Martinez is not applicable, a statement by Petitioner that he has no argument for cause and prejudice that the state courts would accept necessarily is a concession that he has no argument for cause and prejudice in this Court. To put it another way, if Petitioner has an argument for cause and prejudice, then Ground 2 is not exhausted, and Petitioner needs to present it and his arguments for cause and prejudice to the state courts first to try to overcome the state-law procedural bars. If Petitioner has no argument for cause and prejudice, then Ground 2 would be exhausted but procedurally defaulted without excuse, and this Court would dismiss Ground 2. There is no way that Petitioner can plausibly argue that he can excuse the anticipatory procedural default of Ground 2 in this Court without first trying to overcome the state-law procedural bars in state court.

### V. Factual Error in the Ground 3 Allegations

Ground 3 is a claim that Petitioner did not enter his guilty plea knowingly, intelligently, and voluntarily. He alleges, with emphasis added, "Had Edmisten been properly canvassed, the court would have realized that Edmisten did not believe he was guilty of robbery <u>with use of a deadly weapon</u> and would not have accepted his plea of guilty." ECF No. 41, at 16-17. Petitioner

7

pled guilty to robbery without any deadly-weapon enhancement. Respondents ask the Court to strike the erroneous language, and Petitioner does not oppose the request. The Court grants the request but Ground 3 otherwise remains intact as alleged.

**VI.     Conclusion**

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 48) is **GRANTED** in part. The claim in Ground 2 that Petitioner's speedy trial right was violated is **DISMISSED**. The remainder of Ground 2 is **UNEXHAUSTED**. The court strikes from Ground 3 the erroneous language that petitioner pleaded guilty to a charge that included the use of a deadly weapon. In all other respects, Respondents' Motion to Dismiss is **DENIED** in part.

**IT FURTHER IS ORDERED** that Petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of Ground 2, or for other appropriate relief. Within ten (10) days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED: September 25, 2019.

                                                                                    RICHARD F. BOULWARE, II
                                                                                    United States District Judge